THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ECONOMY PREFERRED INSURANCE COMPANY,<br><br>      Plaintiff,<br>  v.<br><br>ADAM RODGERS and APRIL RODGERS,<br><br>      Defendants. | CASE NO. C18-1589-JCC<br><br>ORDER |

This matter comes before the Court on Defendants Adam and April Rodgers' motion for leave to file counterclaims (Dkt. No. 12). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

**I. BACKGROUND**

Defendant April Rodgers was severely injured after being ejected from a Polaris Ranger all-terrain vehicle (the "subject vehicle") that she was riding in as a passenger. (Dkt. No. 12-2 at 3.) The subject vehicle was owned and operated by non-party Dennis Thomas. (*Id*.) Mr. Thomas had purchased, licensed, and insured the subject vehicle for use on public roads. (*Id*.)

At the time of the accident, Defendants had an insurance policy (the "Policy") with Plaintiff Economy Preferred Insurance Company. (*Id*. at 1.) The Policy provided underinsured

motorist coverage ("UIM") in the amount of $250,000 per person and personal injury protection ("PIP") in the amount of $10,000 per person. (*Id.*) Given the severity of Ms. Rodgers' injuries and the fact that Mr. Thompson was underinsured, Defendants made a claim with Plaintiff under the Policy's UIM and PIP provisions. (*Id.*)

Plaintiff denied the PIP claim, asserting that "an ATV is not a covered auto under the policy." (*Id.* at 4.) The PIP provision defined "Auto" to not include "self-propelled equipment designed for use principally off public roads." (*Id.*) Plaintiff also denied Defendants' UIM claim because the subject vehicle "was not designed for use mainly on public roads." (*Id.* at 5.) After denying coverage, Plaintiff filed this lawsuit seeking a declaration that Plaintiff was not obligated to provide coverage under either the PIP or UIM provision. (*See* Dkt. No. 1.)

Defendants now seek leave to amend their answer to assert the following counterclaims: (1) breach of contract; (2) bad faith; (3) violation of the Insurance Fair Conduct Act, Revised Code of Washington Section 48.30.015; (4) violation of the Washington State Consumer Protection Act, Revised Code of Washington Section 19.86 et *seq.*; and (5) negligence. (*Id.* at 7.) Plaintiff objects to Defendants' motion, arguing that the counterclaims are futile. (Dkt. No. 13 at 1.)

## II. DISCUSSION

### A. Motion to Amend Legal Standard

Motions to amend an answer to assert counterclaims are analyzed under the liberal amendment standard of Federal Rule of Civil Procedure 15(a). *See* Fed. R. Civ. P. 13, Advisory Committee Notes 2009 Amendments ("An amendment to add a counterclaim will be governed by Rule 15."). Regarding pleading amendments, district courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The generosity in granting leave to amend is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon*, *Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003). Courts are to consider five factors in determining whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of

amendment; and (5) whether the pleading has previously been amended. *See, e.g.*, *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

Defendants' motion is timely, not made in bad faith, would not prejudice Plaintiff, and Defendants have not previously amended their answer. The only ground that Plaintiff raises in opposition to Defendants' motion is that the proposed counterclaims would be futile. (*See* Dkt. No. 13.) An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Granting or denying leave to amend rests in the sound discretion of the trial court and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Plaintiff asserts that Defendants' counterclaims are futile because the Policy's UIM and PIP provisions exempt the subject vehicle from coverage. (Dkt. No. 13 at 1–4.) Plaintiff argues that the subject vehicle was not "designed for use mainly on public roads" but "designed for use principally off public roads." (*Id*.) In support of its position that the subject vehicle is exempt from coverage, Plaintiff cites from the Owner's Manual of a 2017 Polaris Ranger XP 1000 EPS Utility Vehicle. (*Id*. at 4.) Plaintiff notes that the manual states that "[t]he Ranger is an off-road vehicle," and instructs operators to "[a]void paved surfaces" and "not operate [it] on public roads." (*Id*.) Thus, Plaintiff argues that the subject vehicle is not covered under the Policy's plain language, and Plaintiff cannot be liable for any of Defendants' proposed counterclaims. (*Id*.)

Plaintiff's argument confuses the standard that the Court must apply to Defendants' motion. At this stage, the Court asks whether Defendants' proposed counterclaims are sufficient to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Miller*, 845 F.2d at 214 (citing 3 J. Moore, *Moore's Federal Practice* ¶ 15.08[4] (2d ed. 1974) ("[the] proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).").

Under this standard, Defendants have plausibly alleged that Plaintiff is liable for the counterclaims asserted. Defendants assert that the subject vehicle was purchased, licensed, and insured for use on public roads. (Dkt. No. 12-2 at 4.) Defendants further assert that Plaintiff denied its claims under the Policy without conducting an adequate investigation into the subject vehicle. (*Id*. at 5.) Defendants allege that, had Plaintiff done so, it would have discovered that the subject vehicle was in fact covered under the Policy's UIM and PIP provisions. (*Id*.) Accepting these allegations as true, which the Court must do, Defendants' have plausibly alleged that Plaintiff wrongfully denied their claim by failing to conduct an adequate investigation into the subject vehicle and Defendants' UIM and PIP claims. To the extent Plaintiff offers contradictory evidence regarding the subject vehicle, it is making a premature summary judgment argument.

## III.  CONCLUSION

For the foregoing reasons, Defendants' motion to file counterclaims (Dkt. No. 12) is GRANTED. Within five (5) days of the issuance of this order, Defendants' shall file an amended answer that includes their proposed counterclaims, previously filed under Docket Number 12-2.

DATED this 20th day of May 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE